370 A.2d 372
**COMMONWEALTH of Pennsylvania**
v.
**William SOLOMON, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 21, 1976.

Decided Feb. 28, 1977.

David O'Hanesian, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Robert L. Campbell, Asst. Dist. Attys., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

418

OPINION OF THE COURT

ROBERTS, Justice.

Appellant was indicted on counts of murder, voluntary manslaughter, and carrying a firearm without a license. He was convicted by a jury of murder of the third degree and carrying a firearm without a license. The trial court granted a motion in arrest of judgment on the conviction of carrying a firearm without a license, but denied his post-trial motions regarding the murder conviction, and sentenced appellant to a term of ten to twenty years imprisonment.

In this appeal,* appellant's sole contention is that he is entitled to a jury instruction that adequate provocation, necessary to reduce murder to manslaughter, can consist of the "cumulative impact of a series of related events." *Commonwealth v. McCusker*, 448 Pa. 382, 389, 292 A.2d 286, 290 (1972). Although we agree that *McCusker* permits reliance on the cumulative impact of a series of related events to establish adequate provocation, here, unlike *McCusker*, there is no evidence which requires that the requested instruction be given.

■■ Where there is evidence of a series of related events which tend to establish adequate provocation, the trial court should give the requested instruction. On this record, however, the trial court's decision to deny the instruction was not error.

Judgment of sentence affirmed.

NIX, J., did not participate in the consideration or decision of this case.

---

* We have jurisdiction pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1976).