416 A.2d 1084

**COMMONWEALTH of Pennsylvania**

v.

**Curtis HENDERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 24, 1979.

Filed Dec. 21, 1979.

Jack J. Levine, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

CERCONE, President Judge:

On February 10, 1978, a jury convicted appellant of two counts of murder of the first degree. After denying post-verdict motions, the trial court sentenced appellant to concurrent terms of life imprisonment on each of the counts. Appellant contends that trial counsel was ineffective for failing to raise in post-verdict motions the trial court's refusal to accept two of his points for charge concerning the relevance of his mental disorder to his claim that he had acted in the heat of passion. We affirm.

Appellant shot and killed his girlfriend and a roomer of his during a card game. At trial, appellant contended that he believed that his girlfriend had had an affair with his roomer. He presented psychiatric evidence that he was an alcoholic suffering from an organic brain disorder caused by alcohol and that he felt that he had to defend himself when the roomer announced angrily that he was leaving and approached appellant on his way out. Appellant submitted the following points for charge, which the trial court denied:

"9. You may determine from the psychiatric evidence that because of mental disorders defendant acted in the heat of passion.

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania, is sitting by designation.

10. You may determine that defendant's passion had as its origins his mental disorder as well as his recent awareness of his girlfriend's alleged relationship with roomer Christopher Brunson, and the circumstances immediately preceding the shooting."

In its charge to the jury, the trial court fully set forth the elements of the crime of voluntary manslaughter and the standard for finding that an accused acted in the heat of passion, and reviewed some of the evidence bearing on these issues. The court also instructed the jurors that, in determining whether sufficient provocation existed to support a finding of guilty of voluntary manslaughter, they could rely upon "the cumulative impact of a series of related events" and upon the medical testimony of appellant's alleged mental disorder. See *Commonwealth v. McCusker*, 448 Pa. 382, 292 A.2d 286 (1972).**

In its charge, a trial court is free to use any language of its choice, so long as it covers the issues in terms understandable to the jury. E. g., *Commonwealth v. Perry*, 268 Pa.Super. 136, 407 A.2d 867 (1979). Although the trial court's charge may not have been as specific as appellant's requested points, it conveyed the concepts appellant wished to impress upon the jury. See *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873, appeal dismissed, 419 U.S. 1065, 95 S.Ct. 651 (1975) (no error in refusing specific instruction covered by general charge); *Commonwealth v. Perry*, supra (same). Thus, the trial court adequately informed the jury of appellant's theory of the case. See *Commonwealth v. Mitchell*, 460 Pa. 665, 334 A.2d 285 (1975) (plurality opinion). Accordingly, appellant's assertion that trial counsel was

---

** To support a finding of guilty of voluntary manslaughter by reason of heat of passion, a jury must find both that the defendant was impassioned and that a reasonable man would have acted in the heat of passion in the circumstances. *Commonwealth v. McCusker*, 448 Pa. 382, 292 A.2d 286 (1972). Evidence concerning a defendant's state of mind, such as proof of intoxication, is irrelevant to whether a reasonable man would be provoked, see *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975), and, therefore, can bear only on whether the defendant himself was provoked. See *Commonwealth v. McCusker*, supra.

ineffective is without merit. See *Commonwealth v. Roach*, 479 Pa. 528, 388 A.2d 1056 (1978).

Judgment of sentence affirmed.