413 A.2d 657

COMMONWEALTH of Pennsylvania, Appellee,

v.

William SOLOMON, Appellant.

Supreme Court of Pennsylvania.

Submitted March 3, 1980.

Decided April 25, 1980.

---

Leonard I. Sharon, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Kathryn L. Simpson, Asst. Dist. Atty., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

MR. CHIEF JUSTICE EAGEN notes a dissent and would grant a new trial because of prosecutorial misconduct. MR. JUSTICE ROBERTS filed a dissenting opinion.

## OPINION OF THE COURT

LARSEN, Justice.

This is an appeal from an order of the Court of Common Pleas of Allegheny County denying appellant's petition for post-conviction relief. Appellant argues that his trial/direct appeal counsel[1] was ineffective in several respects, namely:

1. For failure to object to, or motion for a mistrial because of, allegedly prejudicial remarks of the prosecutor during his closing arguments;

[1]. Appellant's judgments of sentence for murder of the third degree and carrying a firearm without a license were upheld by this Court on direct appeal. *Commonwealth v. Solomon*, 471 Pa. 417, 370 A.2d 372 (1977).

2. For failure to request an instruction to the jury on involuntary manslaughter; and

3. for failure to call certain witnesses in his behalf.

We have examined the record and conclude that these issues are without merit. Accordingly, judgments of sentence affirmed.

EAGEN, C. J., notes a dissent and would grant a new trial because of prosecutorial misconduct.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

I must dissent. Review of the record compels the conclusion that trial counsel was ineffective for failing to request an instruction to the jury on involuntary manslaughter. I would therefore vacate the judgment of sentence and remand for a new trial.

Counsel's assistance is effective if the particular course chosen by counsel has some reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). In every criminal homicide prosecution under the Crimes Code a defendant is entitled, upon request, to an involuntary manslaughter instruction. *Commonwealth v. Smith*, 474 Pa. 559, 379 A.2d 96 (1977); *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977) (plurality opinion). Counsel's failure to request the instruction, in light of the very strong evidence against his client, was incompatible with any theory of trial strategy. Thus, trial counsel's assistance was constitutionally insufficient, and appellant is entitled to a new trial.

I note also my disagreement with the majority's disposition of appellant's claim that the remarks of the prosecutor at closing argument were unduly prejudicial. While there was no transcript made of the closing arguments, uncontradicted testimony at the PCHA hearing revealed that the prosecutor likened appellant's actions to that of a "hit-man" or a "hit-man contract."

It is well-settled that a prosecuting attorney may not "unfairly characterize and stigmatize the defendant." *Commonwealth v. Van Cliff*, 483 Pa. 576, 397 A.2d 1173 (1979). Accord, *Commonwealth v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977) (prosecutor's reference to defendant as "cold-blooded killer" impermissible); *Commonwealth v. Capalla*, 322 Pa. 200, 185 A. 203 (1936) (reversible error for prosecutor to call defendant a "cold-blooded killer"); ABA Project on Minimum Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function (Approved Draft 1971) § 5.8. In my view, the prosecutor's references here to a "hit-man" or "hit-man contract" were inflammatory and prejudicial and equally require relief.