503 A.2d 20

**COMMONWEALTH of Pennsylvania**

v.

**John C. VOYTKO, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 5, 1985.

Filed Jan. 10, 1986.

322

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before WIEAND, POPOVICH and LIPEZ, JJ.

WIEAND, Judge:

John Voytko was tried by jury and was found guilty of third degree murder in connection with the shooting death of Robert Cole. On direct appeal from the judgment of sentence, the principal arguments advanced are that the trial court erred in allowing the jury to examine photographs of the interior of the decedent's truck following the shooting, and that the trial court inadequately instructed the jury on the offense of voluntary manslaughter.

The evidence presented at trial showed that approximately seven weeks prior to the shooting, Voytko had found his wife, Michelle, in bed with Robert Cole at the latter's home.

Six weeks later, about a week before the shooting, Voytko and Cole became involved in a fight. About the same time, Voytko and his wife had an argument, and she left the marital home to return to the home of her parents. On May 23, 1983, at or about 5:00 a.m., Cole returned Michelle to her parents' home following a date. As Cole was parking his truck, Voytko pulled in behind him, stopped and walked over to the truck. He screamed that his wife should get out of the truck. When Cole opened the door on the driver's side of the truck, Voytko shot Cole in the head with a shotgun. Voytko then retreated to the back yard of the home, threatening to commit suicide. Police were summoned and, after an extensive conversation with Voytko, were able to persuade him to dismantle the gun and surrender. Cole died later the same day.

Appellant's first contention is that the trial court erred when it allowed into the jury room two black and white photographs depicting the interior of Cole's truck after the shooting. These photographs, appellant argues, were inflammatory, and their prejudicial effect outweighed any evidentiary value they might have had.

In *Commonwealth v. Garcia*, 505 Pa. 304, 479 A.2d 473 (1984), the Supreme Court said:

> The admission into evidence of photographs depicting the corpse of the homicide victim or the location and scene of the crime lies within the sound discretion of the trial judge. *See Commonwealth v. Hudson*, 489 Pa. 620, 630, 414 A.2d 1381, 1386 (1980); *Commonwealth v. Gilman*, 485 Pa. 145, 152, 401 A.2d 335, 339 (1979); *Commonwealth v. Gidaro*, 363 Pa. 472, 474, 70 A.2d 359, 360 (1950). A photograph which is judged not inflammatory is admissible if "it is relevant and can assist the jury in understanding the facts." *Commonwealth v. Gilman*, 485 Pa. at 153, 401 A.2d at 339. A gruesome or potentially inflammatory photograph is admissible if it is of "such essential evidentiary value that [its] need clearly outweighs the likelihood of inflaming the minds and passions of the jurors." *Commonwealth v. McCutchen*, 499 Pa.

597, 602, 454 A.2d 547, 549 (1982) (quoting *Common-wealth v. Petrakovich,* 459 Pa. 511, 521, 329 A.2d 844, 849 [1974]). The fact that blood is visible in a photograph does not necessarily require a finding that the photograph is inflammatory. *Commonwealth v. Hudson,* 489 Pa. at 631, 414 A.2d at 1387; *Commonwealth v. Sullivan,* 450 Pa. 273, 281, 299 A.2d 608, 612, *cert. denied,* 412 U.S. 923, 93 S.Ct. 2745, 37 L.Ed.2d 150 (1973). *Id.,* 505 Pa. at 313, 479 A.2d at 478. A trial court, in determining whether to admit photographs must apply a two-part analysis.

> The trial judge must initially decide whether the photographs possess inflammatory characteristics. If they do not, the photographs are admissible as are any evidentiary items, subject to the qualification of relevance. If the photographs are deemed inflammatory, then the trial judge must decide whether the photographs are of such essential evidentiary value that their need clearly outweighs the likelihood of their inflaming the passions of the jurors.

*Commonwealth v. Hudson, supra,* 489 Pa. at 630, 414 A.2d at 1386 (citations omitted).

■ The black and white photographs challenged by appellant in the instant case were not inflammatory. They were photographs of the front seat and dashboard of the victim's truck. Although there were spots depicted on the seat, they can be identified as blood or flesh only by oral testimony identifying them as such. Because the photographs were black and white, the spots themselves did not render them inflammatory. The trial court held that the photographs had probative value because there was a "factual dispute concerning where defendant stood and how the victim was situated at the moment the shot was fired." Trial court opinion at p. 5.

In *Commonwealth v. Howard,* 324 Pa.Super. 443, 471 A.2d 1239 (1984), the Commonwealth offered and the trial court received four black and white photographs depicting the interior of the vehicle where a policeman had been shot.

Shown on the photographs were spots which, appellant contended, were blood, teeth and bone fragments of the victim. This Court determined that "[t]he possibility of inflaming the juror's [sic] minds and passions with the black and white photographs admitted by the trial court is virtually non-existent. Additionally, the photographs do have evidentiary value. Our review finds that the trial court properly admitted these photographs." *Id.*, 324 Pa.Superior Ct. at 456, 471 A.2d at 1245. For similar reasons, the trial court in this case could properly admit the black and white photographs depicting the interior of the victim's truck.

■ Appellant also argues that the trial court erred in permitting the photos to go out with the jury during its deliberations. "Pa.R.Crim.P. 1114 vests discretion in the trial judge to determine which, if any, exhibits shall be taken out with the jury during its deliberations." *Commonwealth v. Datesman*, 343 Pa.Super. 176, 188, 494 A.2d 413, 419 (1985). The trial court's determination with respect thereto will be reversed only where an abuse of discretion is shown. *Commonwealth v. Merbah*, 270 Pa.Super. 190, 196, 411 A.2d 244, 247 (1979); *Commonwealth v. Whyatt*, 235 Pa.Super. 211, 218, 340 A.2d 871, 875 (1975). We have already concluded that the trial court did not err in admitting the photographs. For the same reasons, there was no abuse of discretion in the court's permitting the jury to examine the same during its deliberations.

■ Voluntary manslaughter is defined by the Crimes Code as a killing committed without lawful justification but "under a sudden and intense passion resulting from serious provocation[.]" 18 Pa.C.S. § 2503(a). The term passion "means any of the emotions of the mind known as anger, rage, sudden resentment or terror, rendering the mind incapable of cool reflection[.]" *Commonwealth v. Colandro*, 231 Pa. 343, 351, 80 A. 571, 574 (1911), quoting 6 Words & Phrases, p. 5227.

The primary factual determination to be made by the jury in this case was whether appellant's act of shooting Robert

Cole had been deliberate and premeditated or whether it had been an act committed during the heat of passion caused by adequate provocation. In support of the Commonwealth's argument that it had been an intentional killing, evidence was presented that four days before the shooting, police had been summoned and found appellant in a wooded area behind the home of his wife's parents. When asked what he was doing, appellant explained that he was checking up on his wife because of marital problems which they had been experiencing. This evidence was relevant to show appellant's state of mind. Therefore, it was properly received. It was not excludable, as appellant contends, on the grounds that it showed prior bad conduct on the part of the appellant.

"In making the objective determination as to what constitutes sufficient provocation [to reduce a homicide to voluntary manslaughter] reliance may be placed upon the cumulative impact of a series of related events. The ultimate test for adequate provocation remains whether a reasonable man, confronted with this series of events, became impassioned to the extent that his mind was 'incapable of cool reflection.'" *Commonwealth v. McCusker*, 448 Pa. 382, 389–390, 292 A.2d 286, 290 (1972) (footnotes omitted). See also: *Commonwealth v. Henderson*, 273 Pa.Super. 51, 416 A.2d 1084 (1979).

Appellant requested a jury instruction that was consistent with the foregoing language from *McCusker*.[1] The

---

1. Appellant requested the trial court to instruct the jury as follows:

 The ultimate test for adequate provocation remains whether a reasonable man, confronted with a series of related events, became impassioned to the extent that his mind was incapable of cool reflection.

 If the defendant inflicted the wounds in a sudden transport of passion, excited by what the deceased then said and by the preceding events which, for the time, disturbed his reasoning faculties and deprived him of the capacity to reflect, *or* while under the influence of some sudden or uncontrollable emotion excited by the final culmination of his misfortunes, as indicated by the train of events which have been related, the act did not constitute murder in the first degree. *Commonwealth v. McCusker*, 448 Pa. 382, 292 A.2d 286, 290 (1972).

trial court refused the requested instruction. Instead, the trial court charged:

> Serious provocation is conduct sufficient to excite an intense passion in a reasonable person. A provocation cannot be considered serious if there is enough time between the provocation and the killing so that the passion of a reasonable person would have cooled.

(N.T. 1/24–27/84, at pp. 416–417.)

 "Where there is evidence of a series of related events which tend to establish adequate provocation, the trial court should give [a] requested [McCusker] instruction." *Commonwealth v. Solomon,* 471 Pa. 417, 418, 370 A.2d 372, 373 (1977). However, "a trial court is free to use any language of its choice, so long as it covers the issues in terms understandable to the jury." *Commonwealth v. Henderson, supra,* 273 Pa.Super. at 54, 416 A.2d at 1085. In the instant case, there was evidence of a series of events upon which appellant relied to establish adequate provocation. Those events were similar in kind to the events which had preceded the killing in *Commonwealth v. McCusker, supra.* Here, appellant had found his wife in an act of adultery with Cole, had physically fought with Cole, had argued with his wife, had been deserted by his wife and, finally, had found her in Cole's company, returning from a date, at 5:00 a.m. While the trial court was free to use its own language to define the crime of voluntary manslaughter, it was required to instruct the jury regarding the significance of the series of events relied upon by appellant to show provocation. It failed to do so. The trial court's instructions did not at any time or in any manner tell the jury that serious provocation could be found from the cumulative effect of a series of related events. This was error of sufficient proportions to require that a new trial be granted.

In view of the fact that a new trial is necessary, we do not review the sentence imposed by the trial court. Similarly, we do not consider appellant's averments that trial counsel rendered ineffective assistance. Indeed, we cannot.

**328**

Ineffective assistance is not apparent from the record, and appellant is represented, as he was at trial, by the Allegheny County Public Defender's Office.

Reversed and remanded for a new trial. Jurisdiction is not retained.