407 A.2d 867

**COMMONWEALTH of Pennsylvania**

v.

**Paul J. PERRY, Appellant.**

Superior Court of Pennsylvania.

Argued May 7, 1979.

Decided July 6, 1979.

Petition for Allowance of Appeal Denied Jan. 14, 1980.

---

138

Ronald A. White, Philadelphia, for appellant.

Val Pleet Wilson, Assistant District Attorney, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

On July 7, 1977, a jury convicted appellant, Paul J. Perry, of murder of the first degree, criminal conspiracy and possession of an instrument of crime. After denying post-verdict motions, the trial court sentenced appellant to life imprisonment on the murder charge and concurrent terms of imprisonment of 2½ to 10 years on the conspiracy charge and 2½ to 5 years on the weapons charge. Appellant seeks a new trial on the grounds that 1) the court, after instructing the jury, erroneously rejected his additional points for charge concerning vicarious liability for homicide and mere presence at the scene of a crime; 2) the court erred in excluding certain testimony as hearsay; 3) the court erred in admitting a suppressed statement of a witness to rehabilitate his testimony; and 4) the Commonwealth engaged in prejudicial conduct, denying appellant a fair trial. We affirm.

The Commonwealth's evidence showed that appellant participated in a gang fight. Commonwealth witnesses testified that they had seen appellant leading members of his gang, carrying a large knife and chasing members of the rival gang. They stated that appellant and a second person had each stabbed someone in the back, after which appellant ran away. One person died of stab wounds received in the back during the fight. Appellant asserted that he and several members of his gang had agreed to engage in a fist fight with members of the rival gang, he was not carrying a knife and did not know that any other member of his gang had a knife.

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania and Judge ABRAHAM H. LIPEZ of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

140

■ After the jury charge, appellant requested that the court specifically instruct the jury that if it found that he expected to participate only in a fist fight and did not know that one of his gang members had a knife, it would find him not guilty of murder. Appellant also requested the court to instruct that "mere presence at a homicide and knowledge of its commission, does not make a person guilty." The court refused the requests. Free to use its own language, so long as it adequately covered the issue in terms understandable to the jury, see *Commonwealth v. Heatherington,* 477 Pa, 562, 385 A.2d 338 (1978), the trial court in its charge covered these points, fully and correctly instructing on conspiracy, accomplice liability and the elements of homicide. See *Commonwealth v. Stoltzfus,* 462 Pa. 43, 337 A.2d 873 (1975) (no error in refusing specific instruction covered by general charge).

■ Appellant sought to enter the out of court testimony of a deceased declarant, a member of his gang, that the declarant had stabbed the victim. The court excluded the testimony as hearsay. Appellant argues that the statement was submitted only to show that it was said, to prove that he believed that he had agreed with other gang members to engage only in a fist fight. The trial court correctly determined that the statement was irrelevant for that purpose and was therefore inadmissible as hearsay offered to prove its truth. See *Commonwealth v. Yost,* 478 Pa. 327, 386 A.2d 956 (1978) (plurality opinion); *Commonwealth v. Searles,* 445 Pa. 240, 285 A.2d 179 (1971).

■ In the alternative, appellant contends that the statement, if hearsay, was admissible under the exception to the hearsay rule permitting entrance of declarations against penal interest. The Commonwealth entered evidence of appellant's guilt either as the actor or as an accomplice. The proffered statement was not inconsistent with the Commonwealth's theory of the crime, or its evidence that appellant and another assailant had each stabbed someone in the back. Because it did not make less likely the inference that appellant did not participate in the crime, the statement was

irrelevant. *Commonwealth v. Garland,* 475 Pa. 389, 380 A.2d 777 (1977); *Commonwealth v. Colon,* 461 Pa. 577, 337 A.2d 554 (1975) (plurality opinion), cert. denied, 423 U.S. 1056, 96 S.Ct. 788, 46 L.Ed.2d 645 (1976). Assuming it was a declaration against penal interest, the statement was correctly excluded.

■ John Reynolds, an accomplice who pleaded guilty to voluntary manslaughter and conspiracy, testified for the Commonwealth. Appellant attacked Reynolds' credibility, suggesting that the Commonwealth had induced his testimony by offering lenient treatment in return. The Commonwealth then rehabilitated Reynolds' testimony with prior consistent statements contained in an inculpatory statement of Reynolds' previously suppressed. Appellant argues that the Commonwealth could not introduce the suppressed statement. Since the statement was that of Reynolds, appellant had no standing to object to its introduction on the ground that it was suppressed. *Commonwealth v. Brown,* 462 Pa. 578, 342 A.2d 84 (1975).

■ Finally, appellant asserts that the prosecuting attorney tainted the trial when, in summation, he incorrectly stated that the testimony showed that appellant had shouted, "Throw away the knives because they have blood on them," and characterized appellant as a "back stabber." The prosecuting attorney accurately presented the testimony. A witness testified that appellant had stated, "Throw away the knives." The prosecutor told the jury that appellant had said, "Lets get rid of the knives." The prosecuting attorney permissibly argued from evidence of record. See *Commonwealth v. Farquharson,* 467 Pa. 50, 354 A.2d 545 (1976) (evidence justified prosecutor's paraphrase that appellant was suffering mental and emotional distress).

Similarly, evidence supported the prosecutor's description of appellant as a "back stabber." Testimony established that appellant was carrying a knife, he stabbed someone in the back and the victim died of stab wounds inflicted in the back. Immediately after the prosecutor's comment, and

again during its charge, the court cautioned the jurors that they need not accept the arguments of either attorney and they alone would determine the facts. The prosecutor did not misstate the evidence or express his personal opinion of appellant's guilt, credibility or trial strategy. See *Commonwealth v. Hughes,* 477 Pa. 180, 383 A.2d 882 (1978); *Commonwealth v. Gilman,* 470 Pa. 179, 368 A.2d 253 (1977) (citing cases). Assuming the comment was to some extent unwarranted or inflammatory, it did not deprive appellant of a fair trial. See *Commonwealth v. Stoltzfus, supra; Commonwealth v. Martin,* 461 Pa. 289, 336 A.2d 290 (1975).

Judgments of sentence affirmed.