**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Paul PERRY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 13, 1998.

Filed July 20, 1998.

Paul Perry, Pro Se, appellant.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before FORD ELLIOTT, ORIE MELVIN and LALLY–GREEN *, JJ.

ORIE MELVIN, Judge:

Appellant, Paul Perry, appeals from the Order entered by the Court of Common

---

* Judge Lally-Green was assigned to this panel     following the death of Judge Hoffman.

Pleas of Philadelphia County denying his second petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.*[1] The Commonwealth has filed a motion to quash raising the timeliness of the petition. For the following reasons, we decline to quash, but after review of § 9545 of the PCRA, we affirm the trial court's denial of the second PCRA petition.

The facts and procedural history may be summarized as follows. On July 7, 1977 a jury found Mr. Perry guilty of first-degree murder, possession of an instrument of crime, and criminal conspiracy. Mr. Perry was sentenced to life imprisonment for the murder, with consecutive terms of two and one-half (2½) to five (5) years for the weapons charge and two and one-half (2½) to ten (10) years for the conspiracy charge. On appeal, this Court affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied his subsequent *allocatur* petition. *Commonwealth v. Perry*, 268 Pa.Super. 136, 407 A.2d 867 (1979), *allocatur denied.*

On April 22, 1982 Mr. Perry filed his first petition for relief under the provisions of the Post Conviction Hearing Act (PCHA) (subsequently repealed and replaced by the PCRA). The petition was dismissed without a hearing, and this Court affirmed the Order on appeal. *Commonwealth v. Perry*, 350 Pa.Super. 634, 503 A.2d 457 (1985).

On December 12, 1996 Mr. Perry filed his second petition under the current provisions of the PCRA. The PCRA court dismissed the petition without a hearing by Order dated March 26, 1997. Mr. Perry then filed the instant *pro se* appeal raising five allegations of error:

1. Did the PCRA court err in dismissing [appellant's] second petition without a hearing or appointment of counsel?

2. Were the issues raised in [appellant's] PCRA petition of intoxication, inadequate trial preparation of counsel, and prosecutorial misconduct finally litigated or waived?

3. Were the issues of intoxication, inadequate trial preparation, and prosecutorial misconduct of arguable merit?

4. Was trial counsel's assistance ineffective in failing to address, raise, or preserve the aforesaid issues for appellate review and were post-trial counsel ineffective for failing to raise their predecessor's ineffectiveness?

5. Did defendant knowingly waive his right to file a petition for allowance of appeal from Superior Court's ruling [that affirmed] the lower court's order dismissing his first PCHA/PCRA petition without a hearing?

The Commonwealth subsequently filed a motion to quash the appeal on the basis that the PCRA court was without jurisdiction to entertain the petition when it was untimely filed under the 1995 amendments to the PCRA.[2] We denied this motion without prejudice so the Commonwealth could raise this issue before this panel. Although the Commonwealth correctly asserts that the present petition is governed by the 1995 amendments, having been filed on December 12, 1996, we disagree that quashing the **appeal** is appropriate. Mr. Perry filed a timely appeal from the Order dismissing his second PCRA petition. Moreover, in order to determine if a PCRA petition is timely filed, we must conduct a thorough review under the amendments to § 9545[3] which changed the requirements for when a petition for post-conviction relief must be filed:

(a) **Original Jurisdiction.**–Original jurisdiction over a proceeding under this subchapter shall be in the court of common pleas. No court shall have authority to

---

1. Act of November 17, 1995, P.L. 1118 No. 32 (Spec.Sess. No. 1), § 1.

2. The Commonwealth raises the timeliness of Mr. Perry's second PCRA petition for the first time on appeal. We note that the PCRA court did not consider the timeliness of the PCRA petition in its opinion and Order denying the petition without a hearing. However, this Court will address this issue *sua sponte* in order to

determine if the PCRA court had proper jurisdiction over the petition. *See Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa.Super.1997)(Superior Court addresses jurisdictional issue although not raised by parties on appeal).

3. This section of the PCRA was interpreted for the first time in *Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa.Super.1997).

entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter.

**(b) Time for filing petition.—**

**(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final,** unless the petition alleges and the petitioner proves that:

    (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

    (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days from the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

. . .

42 Pa.C.S.A. § 9545(b) (emphasis added).

■ Therefore, only after the PCRA court reviews all three factors and decides that the petition is time-barred will it be divested of its authority to entertain the PCRA petition. *See Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa.Super.1997)(PCRA court was without jurisdiction to entertain second PCRA petition filed more than one year from the date judgment became final). We conclude that this decision is subject to appellate review. Furthermore, in circumstances such as the instant case, where the PCRA court denied the petition on grounds other than that the petition was untimely filed, it is even more imperative that questions raised on appeal regarding the untimely filing of a PCRA petition be subject to full appellate review.

We now analyze the petition at issue. This is Mr. Perry's second petition seeking post-conviction relief, and it is governed by Section 9545(b)(1). As a result, Mr. Perry was required to file the second PCRA petition within one year from the date that his judgment became final. The Supreme Court of Pennsylvania denied Mr. Perry's *allocatur* petition on January 14, 1980. Judgment therefore became final on April 13, 1980; the expiration of time for seeking a writ of *certiorari* with the United States Supreme Court.[4] Mr. Perry filed his second PCRA petition on December 12, 1996. Accordingly, this petition is untimely filed and is time-barred unless one of the exceptions found in 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii) applies.

■ We have reviewed these exceptions and find that none is applicable. Mr. Perry has neither alleged nor proven in his second petition that his delay in filing was caused by the interference of governmental officials. 42 Pa.C.S.A. § 9545(b)(1)(i). Next, Mr. Perry does not present any facts in his second petition upon which his claims are predicated, which were unknown to him and could not have been ascertained earlier by exercising due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii) is inapplicable.[5] Finally, Mr.

---

4. Rule 13 of the United States Supreme Court Rules provides that "[a] petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when filed with the Clerk within 90 days after entry of the order denying discretionary review." U.S. Sup.Ct. Rule 13, 28 U.S.C.A.

5. We recognize that Mr. Perry did not address the issue of timeliness in his second PCRA petition or in his appellate brief. However, in his answer to the Commonwealth's motion to quash, he conceded that his second PCRA petition was untimely filed but that this untimeliness should be excused under the exception found in § 9545(b)(1)(ii). He argued that in November

**1262** ■

Perry has not alleged in his second petition a violation of a recently recognized constitutional right that was given retroactive effect. 42 Pa.C.S.A. § 9545(b)(1)(iii).

■ Having determined that Mr. Perry has failed to raise any claim that will excuse the untimely filing of his second petition, we find that his PCRA petition was time-barred, and the PCRA court lacked jurisdiction to grant relief. As a result, the dismissal of the petition without a hearing was proper.

Order affirmed.

1996 he discovered case law that supported a defense of intoxication and within 60 days of the discovery, he filed his second PCRA petition.

Even if we were to consider Mr. Perry's claim, we cannot agree that the discovery of preexisting case law qualifies under this exception.