J-S09042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL J. PERRY | : | |
| | : | |
| Appellant | : | No. 3701 EDA 2017 |

Appeal from the PCRA Order October 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0608751-1977

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED APRIL 13, 2020**

Appellant, Paul J. Perry, *pro se*, appeals from the order entered

October 11, 2017, that dismissed his third petition filed under the Post

Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

> The facts and procedural history may be summarized as follows. On July 7, 1977 a jury found Mr. Perry guilty of first-degree murder, possession of an instrument of crime, and criminal conspiracy.  Mr. Perry was sentenced to life imprisonment for the murder, with consecutive terms of two and one-half (2 ½) to five (5) years for the weapons charge and two and one-half (2 ½) to ten (10) years for the conspiracy charge.  On appeal, this Court affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied his subsequent *allocatur* petition. ***Commonwealth v. Perry***, 268 Pa.Super. 136, 407 A.2d 867 (1979), *allocatur denied*.
>
> On April 22, 1982 Mr. Perry filed his first petition for relief under the provisions of the Post Conviction Hearing Act (PCHA)

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

(subsequently repealed and replaced by the PCRA). The petition was dismissed without a hearing, and this Court affirmed the Order on appeal. *Commonwealth v. Perry*, 350 Pa.Super. 634, 503 A.2d 457 (1985).

On December 12, 1996 Mr. Perry filed his second petition under the current provisions of the PCRA. The PCRA court dismissed the petition without a hearing by Order dated March 26, 1997. Mr. Perry then filed [a] *pro* se appeal.

*Commonwealth v. Perry*, 716 A.2d 1259, 1260 (Pa. Super. 1998). This court "affirm[ed] the trial court's denial of the second PCRA petition." *Id.* at 1260.

On August 24, 2012, Appellant filed his third, *pro se* PCRA petition. On July 26, 2017, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"). Appellant filed a response. The response did not request to amend the PCRA petition. On October 11, 2017, the PCRA court dismissed Appellant's petition; the trial court simultaneously entered an opinion explaining its decision. On November 7, 2017, Appellant filed this timely appeal.[2]

Appellant presents the following issue for our review:

Do this courts' precedential decisions holding that *Miller v. Alabama*, 567 U.S. 460 (2012), does not extend to Appellant because he was nineteen years old at the date of commission of the crime constitute error as the decisions, *infra*, were wrongfully decided?

Appellant's Brief at 2.

---

[2] The trial court did not order and Appellant did not file a statement of errors complained of on appeal.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." ***Commonwealth v. Medina***, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting ***Commonwealth v. Lavar Brown***, 196 A.3d 130, 150 (Pa. 2018)).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (timeliness of a PCRA petition is a jurisdictional requirement); ***Commonwealth v. Devon Brown***, 943 A.2d 264, 267 (Pa. 2008) (citing ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)) (it is "well settled that there is no generalized equitable exception to the jurisdictional . . . time bar pertaining to post-conviction petitions"); ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute. ***See*** 42 Pa.C.S. § 9545(b)(1).[3] In the current action, the PCRA court concluded that it lacked

_____

[3] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

jurisdiction over Appellant's third PCRA petition, because the petition was untimely and failed to satisfy an exception to the PCRA's time bar. As this Court previously determined:

> The Supreme Court of Pennsylvania denied Mr. Perry's *allocatur* petition on January 14, 1980. Judgment therefore became final on April 13, 1980; the expiration of time for seeking a writ of *certiorari* with the United States Supreme Court.[4]
>
> > [4] Rule 13 of the United States Supreme Court Rules provides that "[a] petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when filed with the Clerk within 90 days after entry of the order denying discretionary review." U.S. Sup.Ct. Rule 13, 28 U.S.C.A.

***Perry***, 716 A.2d at 1261.

Appellant had one year thereafter to file a PCRA petition – *i.e.*, until April 13, 1981. 42 Pa.C.S. § 9545(b)(1). Appellant filed the current petition on August 24, 2012 – more than 31 years late. Therefore, Appellant's petition

---

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

was patently untimely, and he did not plead a timeliness exception to the requirements of the PCRA in his petition.[4]

Having discerned no error of law, we affirm the order below. ***See Medina***, 209 A.3d at 996.

Order affirmed.

Judge Lazarus joins the Memorandum.

Judge Shogan Concurs in the Result.

---

[4] Appellant's *pro se* response to the Rule 907 Notice contended that his petition satisfied the timeliness exception pursuant to 42 Pa.C.S. § 9545(b)(1)(iii). However, an assertion of a timeliness exception in a response to a Rule 907 notice is insufficient to preserve the claim for our review.

> The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner **an opportunity to seek leave to amend his petition** and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, **permitting the court to discern the potential for amendment. The response is not itself a petition and the law still requires leave of court to submit an amended petition.** *See* Pa.R.Crim.P. 905(a).

***Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa. Super. 2012) (emphasis added) (some internal citations and quotation marks omitted). Consequently, in his response to the Rule 907 Notice, Appellant should have requested leave to amend his petition to add his contention that the Section 9545(b)(1)(iii) timeliness exception applied to his petition, and the PCRA court still would have had to grant permission for amendment. ***See id.*** Without an amended petition authorized by the PCRA court following Appellant's response to the Rule 907 Notice, his assertion of the applicability of a timeliness exception is still waived.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/13/20