J-S01007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESUS VAZQUEZ | : | |
| | : | |
| Appellant | : | No. 195 MDA 2020 |

Appeal from the PCRA Order Entered March 10, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002498-2014

BEFORE: LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.: **FILED FEBRUARY 16, 2021**

Jesus Vazquez appeals, *pro se*, from the order,[1] entered in the Court of

Common Pleas of Lackawanna County, denying his petition for relief under the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Vazquez filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, on September 25, 2019. Appointed counsel filed a motion to withdraw and a ***Turner/Finley*** "no-merit" letter on December 2, 2019. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc). By order of January 7, 2020, the court denied the PCRA petition and granted counsel leave to withdraw. On January 28, 2020, the PCRA court vacated the January 7, 2020 order, gave notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907(1), and gave Vazquez 20 days to respond. That same day, Vazquez filed a *pro se* notice of appeal from the January 7, 2020 dismissal order, and the appeal was docketed at the above-captioned number. On February 24, 2020, Vazquez filed his *pro se* response to the court's Rule 907 notice, and the court dismissed the PCRA petition by order of March 10, 2020.

Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After our review, we affirm.

On February 18, 2013, Vazquez was charged with rape of a child,[2] statutory sexual assault,[3] aggravated indecent assault of a child,[4] indecent assault of a person less than 13 years of age,[5] and corruption of minors.[6] On February 18, 2015, Vazquez entered a guilty plea to one count of rape of a child.[7] The court accepted the plea, ordered a presentence investigation

_____

Because Vazquez's appeal was purportedly taken from the January 7, 2020 order, this Court directed Vazquez to show cause why the appeal should not be quashed as premature. *See McCutcheon v. Philadelphia Electric Co.*, 788 A.2d 345 (Pa. 2002) (appeal only lies from final order unless otherwise permitted by rule or statute); *Commonwealth v. Perry*, 716 A.2d 1259 (Pa. Super. 1998) (in PCRA proceeding, final appealable order is grant or denial of relief). Vazquez filed a response on April 7, 2020, stating that he wished to appeal from the March 10, 2020 order denying his PCRA petition. He further requested leave to amend his petition and to file a new notice of appeal. By order of May 13, 2020, this Court discharged the show-cause order and accepted the appeal as having been taken from the March 10, 2020 order. *See* Pa.R.A.P. 905(a)(5) (notice of appeal filed after announcement of determination but before entry of appealable order shall be treated as filed after such entry and on day thereof).

[2] 18 Pa.C.S.A. § 3121(c).

[3] 18 Pa.C.S.A. § 3122.1(b).

[4] 18 Pa.C.S.A. § 3125(b).

[5] 18 Pa.C.S.A. § 6318(a)(1).

[6] 18 Pa.C.S.A. § 6301(c).

[7] "A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less

report (PSI), and ordered Vazquez to undergo an assessment by the Pennsylvania Sex Offenders Assessment Board (SOAB) under 42 Pa.C.S.A. §§ 9799.10, *et seq*. The SOAB determined Vazquez was a sexually violent predator (SVP)[8] and subject to lifetime registration under the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10 *et seq*. The court sentenced Vazquez to thirteen to twenty-six years' incarceration. Vazquez did not file a direct appeal.

On July 12, 2016, Vazquez filed his first PCRA petition, seeking reinstatement of his appellate rights *nunc pro tunc*. On December 21, 2016, the court appointed counsel to represent Vazquez on direct appeal, and on January 25, 2017, the court reinstated his direct appellate rights. On direct appeal, this Court vacated the order designating Vazquez an SVP and otherwise affirmed his judgment of sentence. ***Commonwealth v. Vazquez***, 340 MDA 2017 (Pa. Super. filed Mar. 8, 2018) (unpublished memorandum).

Vazquez filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on July 17, 2018.[9] On September 25,

_____

than 13 years of age." 18 Pa.C.S.A. § 3121(c).

[8] Vazquez waived his right to a hearing.

[9] Vazquez did not seek review in the United States Supreme Court. His judgment of sentence, therefore, became final 90 days after his July 17, 2018 judgment was affirmed by this Court. ***See*** S.Ct.R. 13. Thus, Vazquez's judgment of sentence became final on October 15, 2018, and he had one year, or until October 14, 2019, to file any and all petitions under the PCRA. This petition, filed September 25, 2019, was timely. ***See*** 42 Pa.C.S.A. §§

2019, Vazquez filed a timely PCRA petition.  Counsel filed a **Turner/Finley** "no merit" letter on December 2, 2019.

On January 7, 2020, after reviewing the no-merit letter, the PCRA court entered an order dismissing Vazquez's PCRA petition without a hearing, **see** Order, 1/7/20, and granting counsel's petition to withdraw.  On January 28, 2020, the PCRA court vacated that order and issued a Rule 907 notice of intent to dismiss, granting Vazquez 20 days to respond.  **See** Order 1/28/20; **see also supra** n.1.  In his response to the court's Rule 907 notice, Vazquez claimed counsel's **Turner/Finley** no-merit letter was defective and requested the court allow him to file an amended PCRA petition.  By order dated March 9, 2020, the court dismissed Vazquez's PCRA petition as meritless and granted counsel's petition to withdraw.  **See** Order, 3/9/20.[10]

Vazquez filed this timely appeal.  He raises four issues for our review:

_____

9545(b)(1) ("Any petition under this subchapter ... shall be filed within one year of the date the judgment becomes final[.]"); 42 Pa.C.S.A. § 945(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

[10] The PCRA court's order stated, in part:

> Following a thorough review of the record, including [Vazquez's] Petition for Post Conviction Relief, [c]ounsel's **Turner/Finley** letter to [Vazquez] as well as [c]ounsel's petition to withdraw, this [c]ourt has determined [Vazquez's] PCRA petition to be devoid of merit necessitating any further hearing before this [c]ourt.

PCRA Court Order, 3/9/20.

> 1. Did the PCRA court err in concluding that [] Vazquez's PCRA petition was not timely in light of the interference caused by the government by breaching the terms of the [p]lea [a]greement ([c]ontract)?
>
> 2. Was [Vazquez] led into a [p]lea of [g]uilty by being promised immediate deportation and instead was advised via interpreter[,] after the fact[,] that he will be deported after completion of his sentence? In addition, was [Vazquez] not properly informed of the consequences of a plea of guilty on one who would face deportation?
>
> 3. Was [t]rial [c]ounsel ineffective in leading [Vazquez] to enter a plea of guilty and misleading [him] regarding deportation?
>
> 4. Did [Vazquez] suffer layered ineffective assistance of counsel [] on appeal where counsel failed to investigate/argue the inherent issues herein?

Appellant's Brief, at 1-2.[11]

When reviewing an order dismissing or denying a PCRA petition, this Court is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error. ***Commonwealth v. Hanible***, 30 A.3d 426, 438 (Pa. 2011); ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (en banc). With respect to the PCRA court's decision to deny a request for an evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. ***See Commonwealth v. Reid***, 99 A.3d 470, 485 (Pa. 2014).

---

[11] Contrary to the Commonwealth's statement that Vazquez's *pro se* brief is "unsigned," it is, in fact, signed twice and dated on the last two pages of the brief, following Exhibit A. ***See*** Appellant's Brief, Unsworn Declaration and Certificate of Service.

Vazquez first claims the PCRA court erred in dismissing his petition as untimely. This claim is baseless. The PCRA court dismissed the petition as meritless. There is no reference to untimeliness in the court's order. **See** Order, 1/7/2020 ("this [c]ourt has determined [Vazquez's] PCRA [p]etition to be devoid of merit[.]'").

In his remaining three issues, Vazquez argues counsel was ineffective for failing to advise him of the deportation consequences of his guilty plea. **See Padilla v. Kentucky**, 559 U.S. 356, 371, 374 (2010) (holding that failure of criminal defense attorney to advise his or her non-citizen client of immigration consequences of guilty plea renders counsel constitutionally ineffective). Vazquez asserts counsel advised him that if he did not plead guilty, "he would get 60 or more years but a guilty plea would result in an immediate deportation back to Mexico." Appellant's Brief, at 9. He states that he believed that "by taking a plea he would be immediately deported." **Id.** Further, Vazquez contends that he was misled and "flat[-]out lied to about deportation in order for counsel and/or the prosecutor to not bother giving [him] a chance at trial[,]" and "prejudice is blatantly obvious from the record [because he] received 26 years of incarceration instead of immediate deportation." **Id.** Essentially, Vazquez claims he believed he would be immediately deported, without having to serve prison time in Pennsylvania, and that his interpreter informed him, after the fact—at sentencing—that deportation would occur after he served his sentence. Vazquez argues this rendered his guilty plea involuntary.

- 6 -

To obtain relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must establish that: (1) the underlying claim is of arguable merit; (2) there was no reasonable basis for counsel's action or failure to act; and (3) but for counsel's error, there is a "reasonable probability the result of the proceeding would have been different." *Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015). Failure to satisfy any of the three prongs is fatal to a claim of ineffective assistance of counsel. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). After review, we conclude Vazquez's underlying claim is meritless.

Vazquez raised this issue on direct appeal, but this Court concluded it was waived because Vazquez neither objected during the plea colloquy, nor filed a motion to withdraw his guilty plea. *See Commonwealth v. Vazquez*, *supra* at * 4. However, we stated, "were we to address this issue, we would deem it to lack merit." *Id.* at * 9.

> First, [Vazquez] executed a written plea agreement which advised him of all criteria outlined under Pa. R.Crim.P. 590 and indicated that [Vazquez] entered the plea knowingly and voluntarily. [Vazquez] completed the lengthy written guilty plea colloquy by initialing every paragraph. Guilty Plea Colloquy, 2/18/15, at 1-5. The written plea colloquy was translated into Spanish. *Id.* [Vazquez's] argument that this colloquy was defective because paragraph twenty, which advised [Vazquez] that he would be deported, was not translated to Spanish, [] fails. As outlined below, this issue was addressed during [Vazquez's] oral colloquy, which was translated for [Vazquez]. Moreover, at the sentencing hearing, which also was translated, [Vazquez's] counsel stated: **"[Vazquez] is going to be deported back to Mexico upon the conclusion of his sentence**." N.T. [Sentencing], 6/12/15, at 12. **Thus, we would conclude that the record supports the conclusion that [Vazquez] understood that he would be**

**required to serve his sentence in Pennsylvania prior to being deported.** Second, the trial court conducted a lengthy oral guilty plea colloquy with [Vazquez] that covered the requirements set forth in Pa.R.Crim.P. 590, and the colloquy was translated by a Spanish interpreter. N.T. 2/18/15 [Guilty Plea Hearing], at 1-9.[12] [] The court also advised [Vazquez] that by entering the

---

[12] On February 18, 2015, Vazquez, with the assistance of an interpreter, Cesar Reyes, entered his guilty plea. The oral colloquy provides, in relevant part:

The Court: Sir, do you understand that you're entering a plea of guilty to count one?

Defendant: Yes.

The Court: Rape.

Defendant: Yes.

The Court: Which carries a possible incarceration of 40 years' imprisonment and/or a 25 thousand dollar fine?

Defendant: Yes, Your Honor.

The Court: Do you understand that when you plead guilty, sir, you give up rights associated with the right to go to trial?

Defendant: Yes, Your Honor.

The Court: Those rights are explained in detail in this colloquy?

Defendant: Yes, Your Honor.

The Court: Are you doing this freely and voluntarily?

Defendant: Yes, Your Honor.

Attorney Kalinowski: [] Your Honor, on the [written] colloquy I actually wrote in a question regarding the immigration ramifications of this plea, and I've explained to Mr. Vazquez that this offense will be considered a serious violent felony under the [f]ederal [s]ystem, which will absolutely result in his removal from this [c]ountry. I think he's already subjected to removal for his other matters in Colorado, but for purposes of a clean record on top of his

plea, he was giving up his rights related to proceeding to trial. [*Id*.] at 5. **Furthermore, it was made clear that entry of the plea would result in [Vazquez's] deportation.  *Id.* at 7-8. Were we to address this issue, we would conclude that [Vazquez's] claim that his plea was not knowingly entered because he did not understand that he would have to serve a sentence in Pennsylvania before being deported to be disingenuous.**  The parties outlined the potential sentence in light of the plea, including the amount of the fine, the fact that [Vazquez] would be required to register as a sex offender, and the time of incarceration.  *Id*. at 5-6.  If [Vazquez] were not required to serve the sentence, such discussion would not have taken place, and [Vazquez] would have been advised that he was being deported.  Also, as noted above, this fact was stated at [Vazquez's] sentencing hearing.

*Id.* at *6-8 (emphasis added).  After review of the record, we conclude Vazquez's claim that counsel was ineffective for advising him he would be immediately deported upon entering a plea of guilty, and thus would avoid incarceration, is unsupported.  Although *dicta* in our prior memoranda, we agree with that analysis.  We find no reason to depart from it, and we adopt it here.

_____

> plea, he must be made aware of his immigration ramifications.
>
> The Court: Okay.  Thank you for putting that on the record.  Do you understand that Mr. Vazquez?
>
> Defendant: Yes, Your Honor.

N.T. Guilty Plea Colloquy, 2/18/15, at 5-8.

Because we find this underlying issue meritless, as well as disingenuous, Vazquez cannot meet the first prong of the ineffectiveness test. ***Treiber***, ***supra***; ***Spotz***, ***supra***. He is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/16/2021