J-S35035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON ROSS SNYDER | : | |
| | : | |
| Appellant | : | No. 633 MDA 2022 |

Appeal from the PCRA Order Entered April 20, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001511-2017

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED NOVEMBER 10, 2022**

Appellant Brandon Ross Snyder files this *pro se* appeal from the order of the Court of Common Pleas of Schuylkill County denying Appellant's second petition pursuant to the Post-Conviction Relief Act (PCRA).[1] We affirm this order on different grounds than those set forth by the PCRA court.

In July 2017, Appellant was charged with aggravated assault of a police officer, simple assault, resisting arrest, harassment, and summary offenses. Appellant waived his right to counsel and represented himself at his April 2019 jury trial with the assistance of standby counsel, Adam Weaver, Esq.

At the conclusion of the trial, the jury convicted Appellant of the aforementioned charges and the trial court found Appellant guilty of the summary charges. On May 17, 2019, the trial court sentenced Appellant to

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

an aggregate term of three to six years' imprisonment. Appellant filed a timely post-sentence motion which the trial court denied on May 24, 2019. Appellant did not file a direct appeal.[2]

On June 27, 2019, Appellant filed his first *pro se* PCRA petition, raising claims of the ineffective assistance of his standby counsel, as well as his claim that he did not have the opportunity to cross-examine a witness and his characterization of himself as the victim.

After the PCRA court appointed Hank J. Clarke, Esq. as Appellant's counsel on collateral review, the PCRA court held an evidentiary hearing on November 5, 2020 and dismissed the petition on December 30, 2020.

On August 17, 2021, this Court affirmed the PCRA court's order dismissing Appellant's first PCRA petition and granted counsel permission to withdraw. *Commonwealth v. Snyder*, 136 MDA 2021, 2021 WL 3629952 (Pa.Super. filed Aug. 17, 2021) (unpublished memorandum).[3] Appellant did not file a petition for allowance of appeal with the Supreme Court.

_____

[2] There was some confusion when the trial court later mistakenly determined that Appellant's post-sentence motion was still pending. This procedural history was explained in this Court's prior decision in *Commonwealth v. Snyder*, 1420 MDA 2019, 2020 WL 1245129 (Pa.Super. filed Mar. 16, 2020) (unpublished memorandum). However, as this procedural history does not have any effect on the instant case, we need not discuss it again.

[3] With respect to Appellant's claims of ineffective assistance of counsel, this Court noted that as Appellant waived his right to counsel and chose to represent himself at trial, he was not entitled to collateral relief in raising claims of the ineffective assistance of standby counsel. *Id*. (citing *Commonwealth v. Williams*, 196 A.3d 1021, 1027 (Pa. 2018) (clarifying that "[w]e will not consider any ineffectiveness claims that arise from the period of self-representation").

On September 7, 2021, Appellant filed a second PCRA petition, alleging Atty. Clarke, his collateral counsel, deprived him of the right to appeal. On January 18, 2022, Appellant filed another PCRA petition, repeating his claims from his second petition that Atty. Clarke interfered with his appeal rights and also adding claims that Appellant was the true victim and did not have proper opportunity to cross-examine witnesses.

Although not directly stated on the record, it appears that the PCRA court treated Appellant's January 18, 2022 petition as an amendment to his September 7, 2021 petition. *See* Pa.R.Crim.P. 905 ("[t]he judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice"). We also note that Appellant sent countless *pro se* filings to the trial court after being repeatedly advised to send filings to the clerk of court.

While Appellant's petition was still pending, on February 2, 2022, Appellant filed a notice of appeal, purporting to appeal from the denial of the September 7, 2021 petition, which Appellant alleged had been denied "by operation of law." This appeal was docketed at 192 MDA 2022.

On April 14, 2022, this Court entered a *per curiam* order, quashing the appeal at 192 MDA 2022 as Appellant's September 7, 2021 petition still remained pending before the PCRA court. *See McCutcheon v. Philadelphia Electric Co.*, 788 A.2d 345 (Pa. 2002) (providing that an appeal only lies from a final order unless otherwise permitted by rule or statute); *Commonwealth*

***v. Perry***, 716 A.2d 1259 (Pa.Super. 1998) (noting that in a PCRA proceeding, the final, appealable order is the grant or denial of relief).

Meanwhile, on March 21, 2022, the PCRA court had issued notice pursuant to Pa.R.Crim.P. 907 indicating that it intended to deny Appellant's PCRA petition. On April 13, 2022, Appellant filed a *pro se* response to the PCRA court's Rule 907 notice.

On April 20, 2022, the PCRA court entered an order and opinion dismissing Appellant's January 18, 2022 PCRA petition. The PCRA court found Appellant had raised claims that were previously litigated in Appellant's first PCRA petition and indicated that this Court had properly allowed Atty. Clarke to withdraw on collateral appeal. This timely appeal followed.

As an initial matter, we must determine whether Appellant's PCRA petition was timely filed. "[E]ven where the PCRA court does not address the applicability of the PCRA timing mandate, this Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief." ***Commonwealth v. Beatty***, 207 A.3d 957, 961 (Pa.Super. 2019) (citation omitted). It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted).

Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes

- 4 -

final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

In this case, Appellant filed a timely post-sentence motion which the trial court denied on May 24, 2019. Appellant had until June 24, 2019 to file a direct appeal and did not do so. **See** Pa.R.Crim.P. 720(A)(2) (if defendant files timely post-sentence motion, notice of appeal shall be filed within 30 days of order deciding motion). As a result, the judgment of sentence became final on June 24, 2019 and Appellant was required to file a timely petition within

one year of that date. Both of Appellant's petitions, including his second petition filed in September 2021 and the amended petition filed in June 2022, are facially untimely.

Appellant does not specifically claim that he is entitled to invoke any of the PCRA timeliness exceptions. Our courts have emphasized that a petitioner must specifically plead and prove that one of the PCRA timeliness exceptions applies to the untimely petition in order to avoid the PCRA time bar. **Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999).

Thus, as Appellant has not pled or proven that one of the PCRA timeliness exceptions applies to this petition, we conclude that the PCRA court did not err in dismissing his petition. Accordingly, we affirm the denial of relief on different grounds than the PCRA court. **See Beatty**, 207 A.3d at 964 (citing **Commonwealth v. Reese**, 31 A.3d 708, 727 (Pa.Super. 2011) (*en banc*) (stating appellate court may affirm on any basis as long as ultimate decision is correct)).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/10/2022