J-S33035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRISTIAN MICHAEL LUKEHART | : | |
| | : | |
| Appellant | : | No. 370 WDA 2023 |

Appeal from the PCRA Order Entered March 23, 2023
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001642-2019

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED: October 17, 2023**

Appellant Tristian Michael Lukehart files this *pro se* appeal from the order of the Court of Common Pleas of Fayette County denying his petition pursuant to the Post-Conviction Relief Act (PCRA).[1] We affirm.

The following factual background was set forth by the prosecution at Appellant's guilty plea hearing on twenty-six charges related to a fatal vehicle accident that occurred on September 20, 2018 near the intersection of Route 51 and Smock Road in Fayette County. On that date, Appellant was driving southbound on Route 51 in Chevrolet Cobalt with two passengers, Austin Dudley and Brandon Smith. Notes of Testimony (N.T.), Guilty Plea Hearing, 4/5/21, at 5. Appellant had been smoking marijuana during the trip and was excessively speeding. *Id*.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

After Appellant's vehicle crested a hill before Smock Road, Appellant's vehicle collided with a Nissan Versa containing two individuals, Gerome and Jacklyn Garbutt, who were traveling northbound and attempting to make a left turn onto Smock Road. *Id*. at 6. Accident reconstruction reports revealed that five seconds before the crash Appellant was driving 117 mph. *Id*. at 5, 15. Upon impact, Appellant was driving 94 mph. *Id*. The violent collision caused the Garbutts' vehicle to explode and burst into flames. *Id*. at 6.

Autopsy results revealed that the Garbutts sustained severe blunt force trauma as a result of the forceful impact of the collision as well as thermal injuries. *Id.* at 7-8. In addition to the loss of the Garbutts' lives, the collision resulted in serious injuries to Appellant's passengers and required one of the men to be lifeflighted away from the scene. *Id*. at 6. Blood testing confirmed the presence of marijuana in Appellant's system at the time of the crash. *Id*.

On April 5, 2021, the trial court held a hearing at which Appellant admitted to the aforementioned factual basis for his guilty pleas. Thereafter, Appellant entered a guilty plea to third-degree murder (two counts), homicide by vehicle while DUI (two counts), aggravated assault while DUI (four counts), homicide by vehicle (two counts), aggravated assault by vehicle (four counts), DUI (two counts), involuntary manslaughter (two counts), recklessly endangering another person (four counts), driving at unsafe speed, speeding, careless driving, and reckless driving. In addition to the written plea colloquy that Appellant signed, the trial court conducted an oral colloquy on the record.

The trial court deferred sentencing for the preparation of a pre-sentence investigation. On May 25, 2021, the trial court imposed the parties' negotiated sentence of two concurrent terms of eighteen (18) to thirty-six (36) years' imprisonment on the third-degree murder charges. No further penalties were imposed on the remaining charges. Appellant did not file a post-sentence motion or a direct appeal.

On April 11, 2022, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who subsequently filed a **Turner-Finley** no-merit brief along with a petition to withdraw,[2] asserting that his review of the record in this case did not reveal any legitimate grounds to argue that Appellant was entitled to relief pursuant to the PCRA.

On October 24, 2022, the PCRA court filed an order granting counsel's petition to withdraw and notifying Appellant of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On November 2, 2022, Appellant filed a notice of appeal which was docketed at 1310 EDA 2022. However, on November 9, 2022, Appellant also filed a *pro se* filing entitled "Reasons Why the Post Collateral Relief Should Not be Thrown Out."

On January 17, 2023, this Court filed an order directing Appellant to show cause as to why the appeal should not be quashed as it was not taken from a final order. **See McCutcheon v. Philadelphia Electric Co.**, 788 A.2d 345 (Pa. 2002); Pa.R.A.P. 341(b)(1) (defining a final order as an order

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

disposing of all claims and all parties). This Court noted that in a PCRA proceeding, the final, appealable order is the grant or denial of relief. ***Commonwealth v. Perry***, 716 A.2d 1259 (Pa.Super. 1998). Thereafter, on January 27, 2023, this Court discontinued the appeal at 1310 WDA 2022 upon Appellant's request.

On March 23, 2023, the PCRA court entered a final order dismissing Appellant's petition after indicating that it had considered Appellant's initial PCRA petition and his November 9, 2022 filing ("Reasons Why the Post Collateral Relief Should Not be Thrown Out").

Appellant filed this timely appeal and complied with the PCRA court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review A:

1. Was PCRA counsel ineffective for filing a ***Finley*** No-Merit Letter without ever communicating with Appellant nor answering written letters asking to fully discuss the undeveloped issues that were boilerplate raised in the form PCRA Petition that needed clarification and factual support especially when it appeared to PCRA counsel that many of the claims were unintelligible, illustrate a volume of mistakes, misunderstandings that suggest Appellant may have underlying mental health problems?

2. Was PCRA Counsel ineffective for failing to investigate and amend the PCRA Petition with an issue of arguable merit as to Plea Counsel permitting Appellant to plead guilty to offenses that required proof that he was the driver of the vehicle when evidence worthwhile of investigation and corroborative testimony existed showing that Appellant was not driving the vehicle at the time of the fatal car crash; and where other

evidence existed that Appellant's blood draw was performed without a warrant or consent?

Appellant's Brief, at 3.

Our standard of review is as follows:

When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a de novo standard.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (quotation marks and quotations omitted).

In addressing Appellant's ineffectiveness claims, we are guided by the following principles:

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. *See Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975–76 (1987); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n.23 (2000).... Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise. *See Pierce*, *supra*; *Commonwealth v. Holloway*, 559 Pa. 258, 739 A.2d 1039, 1044 (1999).

[*Commonwealth v. Natividad*, 595 Pa. 188, 207–208, 938 A.2d 310, 321 (2007);] *see also Commonwealth v. Hall*, 582 Pa. 526, 537, 872 A.2d 1177, 1184 (2005) (stating an appellant's failure to satisfy any prong of the *Pierce* ineffectiveness test

- 5 -

results in a failure to establish the arguable merit prong of the claim of ineffectiveness).

*Commonwealth v. Johnson*, 179 A.3d 1105, 1114 (Pa.Super. 2018).

"In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa.Super. 2017). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa.Super. 2002) (citations omitted). As such, "to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Pier*, 182 A.3d 476, 479 (Pa.Super. 2018).

Appellant's ineffectiveness claims are closely intertwined. Appellant argues that PCRA counsel was ineffective in failing to properly communicate with him and fully investigate the claims that Appellant initially raised in his *pro se* petition. While Appellant concedes that his *pro se* PCRA petition contained numerous frivolous arguments, he asserts that counsel should have raised two of the claims that had arguable merit and "cull[ed] the nonsensical parts of the *pro se* PCRA petition from the parts that would have come together to make sense." Appellant's Brief, at 22.

First, Appellant claims that PCRA counsel should have filed an amended petition developing his argument that plea counsel was ineffective in failing to

advise him that he could have raised an affirmative defense that he was not the driver of the vehicle in question. However, Appellant fails to acknowledge that in entering his plea, he explicitly admitted multiple times under oath that he was driving at an excessive speed while smoking marijuana when he collided with the victims' vehicle, causing the fatal accident that killed two individuals and seriously injured his two passengers.

Appellant's argument conflicts with "[t]he longstanding rule of Pennsylvania law ... that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies." *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa.Super. 2018) (quoting *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa.Super. 2007)).

In conducting the oral colloquy, the trial court explicitly reviewed all twenty-six charges against Appellant, the facts underlying each charge, and the penalties that Appellant faced for each charge. A portion of this colloquy reads as follows:

> [Trial Court:] Now you heard the District Attorney recite what happened on September 20th, 2018, do you admit guilt to everything that he said happened?
>
> [Appellant:] Yes.
>
> [Trial Court:] Those facts would all constitute the nature of the charges. At Counts 1 and 2 you are charged with Homicide by Vehicle under the influence by causing the death of Gerome A. Garbutt and Jacklyn L. Garbutt. Are you admitting to that?
>
> [Appellant:] Yes.

[Trial Court:] That is a felony of the 2nd degree punishable by a maximum term of imprisonment of up to 10 years and a maximum fine of $25,000 each. Do you understand that?

[Appellant:] Yes.

[Trial Court:] At Counts 3, 4, 5, and 6, you are charged with aggravated assault by vehicle while driving under the influence. Are you admitting that you were under the influence of marijuana?

[Appellant:] Yes.

[Trial Court:] And that is negligently causing serious bodily injury to Jacklyn Garbutt, causing serious bodily injury to Austin Dudley, causing serious bodily injury to Brandon Smith and causing serious bodily injury to Gerome Garbutt. Are you admitting to those?

[Appellant:] Yes.

[Trial Court:] Those are felonies of the 2nd degree as well punishable by a maximum term of imprisonment of up to 10 years and $25,000 dollar fines each.

***

[Trial Court:] And lastly at Counts 25 and 26, Murder of The Third Degree, intentionally, knowingly, recklessly, negligently, causing the death and resulting in Third Degree Murder of Jacklyn Garbutt and Gerome Garbutt by travelling 117 miles an hour approximately 5 seconds prior to the crash impacting the Nissan Versa at 94 miles an hours taking this action consciously, knowingly, disregarding the most serious risk of creating and demonstrating an extreme indifference to the value of human life. Are you admitting to those 2 charges of Murder of the Third Degree?

[Appellant:] Yes.

[Trial Court:] It carries with it a maximum term of imprisonment of up to 40 years. Do you understand that?

[Appellant:] Yes.

[Trial Court:] Those facts all constitute the nature of the charges. Are you satisfied with the representation that your attorney has provided?

- 8 -

[Appellant:] Yes.

[Trial Court:] Do you have any further questions of the Court?

[Appellant:] Not at this time, no.

N.T. at 12-15.

Given Appellant conceded under oath that he was the driver of the vehicle that caused the fatal accident, he is now bound by those admissions and cannot claim that counsel should have advised him to go to trial and to present a theory contrary to his own statements. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Pier*, 182 A.3d at 480 (quoting *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003)). Thus, this ineffectiveness claim does not entitle Appellant to relief.

Second, Appellant contends that PCRA counsel should have argued that plea counsel was ineffective in advising Appellant to plead guilty when he could have sought to suppress Appellant's blood testing results which Appellant alleged were seized without a warrant.

Appellant makes no attempt in his petition or brief to assert that plea counsel's advice to accept the guilty plea was not within the range of competence demanded of attorneys in criminal cases. *Hickman*, *supra*. This Court has clarified that "a defendant need not be apprised of every possible suppression motion as a predicate to a finding that the plea was voluntary, because the decision to seek suppression is left to counsel as a matter of

strategy in the event a plea bargain is not reached." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1160 (Pa.Super. 2018).

Further, although Appellant asserts in hindsight that he should have chosen to file a motion to suppress his blood results if he had been advised he could do so, Appellant does not recognize that the key inquiry was whether he would have chosen to plead guilty or proceed to trial.

We reiterate that "to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Commonwealth v. Pier***, 182 A.3d 476, 479 (Pa.Super. 2018). "A defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, **even if it would be reversible error for the court to admit that evidence**." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1161 (Pa.Super. 2018) (quoting ***Premo v. Moore***, 562 U.S. 115, 129, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011) (emphasis added)).

Appellant does not assert that the potential to file a suppression motion in any way influenced his decision to enter his negotiated guilty plea. Appellant fails to address the fact that he faced twenty-six separate charges, the majority of which did not depend on the results of his blood tests. Plea counsel negotiated a guilty plea in which Appellant would receive two concurrent sentences of eighteen to thirty-six years' imprisonment on his two third-degree murder charges (each of which carried a statutory maximum of forty

years' imprisonment). Plea counsel negotiated that Appellant would receive no further penalty on the remaining twenty-four charges. Appellant has not demonstrated why he would have rejected that plea agreement and proceeded to trial on twenty-six charges, on which he could have been given separate consecutive sentences if convicted at trial.

Accordingly, we conclude that the PCRA court did not err in concluding that Appellant was not entitled to relief on either of these claims of ineffectiveness of counsel.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

10/17/2023