J-S18037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIKA KULP | : | |
| | : | |
| Appellant | : | No. 1417 EDA 2020 |

Appeal from the PCRA Order Entered July 7, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006413-2016

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                      **FILED JULY 16, 2021**

Appellant, Erika Kulp, appeals from order of the Court of Common Pleas of Delaware County (trial court) that dismissed her second petition for relief pursuant to the Post Conviction Relief Act (PCRA)[1] as untimely.  Counsel for Appellant has filed an application to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).  After careful review, we grant counsel's application to withdraw and affirm the order dismissing Appellant's PCRA petition.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

In 2016, Appellant was charged with two counts of each of the following offenses: Providing False Information in Connection with the Purchase, Delivery or Transfer of Firearms, Illegal Sale or Transfer of Firearms, Delivery of a Firearm less than 48 Hours after Application to Purchase, Tampering with Public Records or Information, Unsworn Falsification to Authorities, and Criminal Conspiracy, for purchasing two guns for her boyfriend, who was prohibited from purchasing firearms.[2]   Criminal Complaint; Criminal Information.   On February 16, 2017, Appellant entered a negotiated plea of guilty to one count of Illegal Sale or Transfer of Firearms, graded as a second-degree felony with a mandatory minimum sentence of 5 years' incarceration. N.T. at 3-5, 8, 12-13.  In accordance with this plea agreement, the trial court sentenced Appellant the same day to 5 to 10 years' incarceration and all of the other charges against her were dismissed.  *Id.* at 21-22; Sentencing Order.

Appellant did not file any direct appeal from this judgment of sentence. On February 20, 2018, Appellant filed a timely *pro se* PCRA Petition alleging that her mandatory minimum sentence was illegal under ***Alleyne v. United States***, 570 U.S. 99 (2013) and alleging ineffective assistance of trial counsel in advising her to enter into a plea with an illegal mandatory minimum sentence.  2/20/18 PCRA Petition.  PCRA counsel was appointed to represent

---

[2] 18 Pa.C.S. § 6111(g)(4), 18 Pa.C.S. § 6111(c), 18 Pa.C.S. § 6111(a)(1), 18 Pa.C.S. § 4911(a)(1), 18 Pa.C.S. § 4904, and 18 Pa.C.S. § 903, respectively.

Appellant on this first PCRA and filed a no-merit letter and application to withdraw as counsel on May 1, 2018. On May 8, 2018, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's first PCRA petition without a hearing and entered an order granting counsel's application to withdraw. Appellant filed no response to the Rule 907 notice and the trial court, on June 4, 2018, dismissed Appellant's first PCRA petition. Appellant did not file any appeal from the order dismissing her first PCRA petition.

On February 5, 2020, Appellant filed the instant second *pro se* PCRA petition. In this PCRA petition, Appellant asserted claims of ineffectiveness of her trial counsel in investigating the case and recommending the negotiated guilty plea, claims that her mandatory minimum sentence is illegal, and claims of ineffectiveness of PCRA counsel on her first PCRA petition. 2/5/20 PCRA Petition. PCRA counsel was appointed to represent Appellant on this second PCRA petition and on April 16, 2020, filed an application to withdraw and a no-merit letter in which he concluded that this PCRA petition was barred because it was brought more than a year of after Appellant's judgment of sentence became final and no exception to this time bar applied. On April 24, 2020, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the instant second PCRA petition without a hearing as untimely and entered an order granting counsel's application to withdraw. Appellant filed

no response to the Rule 907 notice. On July 7, 2020, the trial court dismissed this PCRA petition on the grounds that it was untimely.

Appellant timely appealed the dismissal of her second PCRA petition. On August 3, 2020, the trial court appointed Appellant's present counsel (Appellate Counsel) to represent her in this appeal. On February 23, 2021, Appellate Counsel filed and served on Appellant an application to withdraw and a no-merit letter in which he analyzed the claims that Appellant asserted in her second PCRA and whether there was any basis on which the PCRA petition could be held timely. Appellate Counsel also sent Appellant letter on April 23, 2021 notifying her of her right to proceed *pro se* or with a privately retained attorney.[3] Appellant has not filed any *pro se* response to Appellate Counsel's application to withdraw or no-merit letter. The Commonwealth has filed a brief in support of the trial court's order.

Before this Court can consider the merits of this appeal, we must first determine whether Appellate Counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted

_____

[3] Appellate Counsel sent a letter to Appellant at the time that he filed and served the application to withdraw and no-merit letter advising her of her right to proceed *pro se* or with a privately retained attorney in the event that this Court granted his motion to withdraw. Because that letter insufficiently advised Appellant of her rights, **see Commonwealth v. Muzzy**, 141 A.3d 509 (Pa. Super. 2016), this Court on April 14, 2021 ordered Appellate Counsel to send Appellant an amended letter advising her of her immediate right to proceed *pro se* or with privately retained counsel. Appellate Counsel's April 23, 2021 letter complied with that order.

in a PCRA appeal. ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016); ***Commonwealth v. Freeland,*** 106 A.3d 768, 774 (Pa. Super. 2014); ***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012). To withdraw from representing a PCRA petitioner in a collateral attack on her criminal conviction, counsel must file a no-merit letter, send the petitioner copies of the application to withdraw and no-merit letter, and advise petitioner of her right to proceed *pro se* or with a privately retained attorney. ***Walters***, 135 A.3d at 591; ***Freeland,*** 106 A.3d at 774-75; ***Doty***, 48 A.3d at 454. The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009); ***Turner,*** 544 A.2d at 928-29; ***Walters***, 135 A.3d at 591.

If counsel has satisfied the above requirements, this Court must then conduct its own review of the record and render an independent judgment as to whether the appeal is without merit. ***Walters***, 135 A.3d at 591; ***Doty***, 48 A.3d at 454.

Here, Appellate Counsel provided Appellant a copy of the no-merit letter, the petition to withdraw and a letter advising Appellant of her right either to retain new counsel or proceed *pro se*. Appellate Counsel's no-merit letter discusses the time limit imposed by the PCRA and the exceptions to that time limit and explains why all issues that Appellant sought to raise in her PCRA

petition are time-barred. We therefore conduct our own review and independently determine whether Appellant's second PCRA petition was properly dismissed as untimely.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the convicted defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Appellant pled guilty and was sentenced on February 16, 2017 and did not appeal. Appellant's judgment of sentence therefore became final on March 20, 2017, upon the expiration of the 30-day period to file an appeal.[4] 42 Pa.C.S. § 9545(b)(3); *Commonwealth v. Whiteman,* 204 A.3d 448, 450

---

[4] The 30-day period extended to March 20, 2017 because the thirtieth day, March 18, 2017, was a Saturday.

(Pa. Super. 2019).  The instant PCRA petition was filed February 5, 2020, more than 2 years and 10 months after the judgment became final, and was therefore untimely unless Appellant alleged and proved one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-(iii).  These exceptions, moreover, can apply only if Appellant filed the PCRA petition "within one year of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Appellant contends that her mandatory minimum sentence is illegal.[5] That, however, does not provide an exception to the PCRA's time limit.  The PCRA's time limit is jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA petition on the ground that the defendant's sentence is illegal.  *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999); *Whiteman,* 204 A.3d at 450-51; *Commonwealth v. Jackson,* 30 A.3d 516, 519-23 (Pa. Super. 2011).

Appellant has also asserted that this second PCRA petition was timely under Sections 9545(b)(1)(i)-(iii) because the prosecutor allegedly made misrepresentations, because she did not learn of the defects in her plea and

_____

[5] Appellate Counsel and the Commonwealth agree that Appellant was not subject to the mandatory minimum sentence that was imposed because the mandatory minimum applies only where the defendant has a prior conviction, 18 Pa.C.S. § 6111(h)(1), and she had no prior conviction.  The record, however, is also clear that Appellant's 5-to-10-year sentence did not exceed the statutory maximum sentence that could be imposed for the crime to which she pled guilty.  Under Section 6111(h)(1), a second violation is graded a second-degree felony, and Appellant admitted in her plea that she committed a prior illegal firearms transfer in addition to the transfer to which she pled guilty.  N.T. at 12-14.

sentence until December 2019, because she was denied effective assistance of counsel on her first PCRA petition, and because she allegedly is entitled to relief under a Pennsylvania Supreme Court decision subsequent to her plea and sentence. 2/5/20 PCRA Petition at 3b-3d. None of these contentions has merit.

The prosecutor's conduct alleged by Appellant consists of statements made at Appellant's plea hearing that Appellant committed two separate gun transfers. 2/5/20 PCRA Petition at 3b. Whether those statements were true, as Appellant admitted at the plea hearing, N.T. at 12-14, or false, as she now claims, is a matter that was within her knowledge at the time of the hearing. Appellant was thus necessarily aware of the alleged prosecutorial misrepresentations in February 2017. These statements therefore cannot provide an exception to the PCRA's timeliness requirement because her PCRA petition was not filed within one year of that date. 42 Pa.C.S. § 9545(b)(2).

Appellant's claim that she learned of the deficiencies in her plea and sentence in December 2019 is likewise insufficient to make her PCRA petition timely. Claims that a PCRA petitioner did not learn of facts until shortly before the PCRA petition was filed, without any allegations showing timely efforts or inability to discover that information earlier, are insufficient to bring a petition within the PCRA's timeliness exceptions. **Commonwealth v. Sanchez**, 204 A.3d 524, 526-27 (Pa. Super. 2019); **Commonwealth v. Pew**, 189 A.3d 486, 489-90 (Pa. Super. 2018); **Commonwealth v. Taylor**, 933 A.2d 1035, 1040-

42 (Pa. Super. 2007). Moreover, Appellant does not claim that she learned any additional facts concerning her plea or sentence less than a year before she filed this PCRA petition. Rather, the only new information that Appellant contends that she learned after the February 2017 plea and sentencing consists of legal research. Section 9545(b)(1)(ii)'s exception for newly discovered facts does not apply where the new information is newly acquired knowledge of existing law. *Commonwealth v. Watts*, 23 A.3d 980, 986-87 (Pa. 2011); *Commonwealth v. Kretchmar*, 189 A.3d 459, 467 (Pa. Super. 2018); *Commonwealth v. Perry*, 716 A.2d 1259, 1261-62 n.5 (Pa. Super. 1998).

The conduct of Appellant's first PCRA counsel cannot satisfy any exception to the PCRA's time limit here. Ineffectiveness of PCRA counsel generally does not provide an exception to the PCRA's time bar. *Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016); *Commonwealth v. Laird*, 201 A.3d 160, 162-63 (Pa. Super. 2018). Ineffectiveness of prior PCRA counsel may constitute a new fact that can make a PCRA petition timely under Section 9545(b)(1)(ii) only where prior PCRA counsel's conduct completely foreclosed the defendant from obtaining collateral review. *Commonwealth v. Peterson*, 192 A.3d 1123, 1129-32 (Pa. 2018). Even if Appellant's first PCRA counsel's filing of a no-merit letter and application to withdraw were viewed as completely foreclosing PCRA review of her conviction and sentence, Appellant could not satisfy the

requirements of Section 9545(b)(1)(ii) because she filed the instant PCRA petition more than one year after she knew of prior PCRA counsel's failure to represent her. Prior PCRA counsel filed his no-merit letter and application to withdraw and served them on Appellant on May 1, 2018, and Appellant did not file the instant PCRA petition until February 2020, a year and nine months later. Appellant's PCRA petition therefore cannot be timely on this basis, as it was not filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's remaining claim, that her PCRA petition is timely due to a subsequent Pennsylvania Supreme Court decision, also fails. Section 9545(b)(1)(iii) permits the filing of a PCRA petition more than one year after the defendant's judgment of sentence becomes final where the PCRA petition asserts "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania **after the time period provided in this section** and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii) (emphasis added). The decision that Appellant invokes, **Commonwealth v. Cullen–Doyle**, 164 A.3d 1239 (Pa. 2017), cannot satisfy the requirements of Section 9545(b)(1)(iii) because it was decided on July 20, 2017, well within the PCRA's one-year time limit, and therefore could have been raised in Appellant's timely first PCRA petition. In addition, even if **Cullen–Doyle** satisfied the requirements of Section 9545(b)(1)(iii), Appellant's PCRA petition would still be barred as untimely

under Section 9545(b)(2), as Appellant filed the instant PCRA petition more than one year after **Cullen–Doyle** was decided by the Pennsylvania Supreme Court.

Because Appellant did not satisfy an exception to the PCRA's one-year time limit, the trial court properly held that her PCRA petition was barred as untimely. Accordingly, we grant counsel's application to withdraw and affirm the trial court's order dismissing Appellant's PCRA petition.

Order affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/2021